1  Stephen L. Raucher , Esq. [State Bar #162795]
   Patrick A. Maher, Esq. [State Bar #246360]
2  Michelle H. Chen, Esq. [State Bar #253625]
   **REUBEN RAUCHER & BLUM**
3  10940 Wilshire Boulevard, 18th Floor
   Los Angeles, California 90024
4  Telephone: (310) 777-1990
   Facsimile: (310) 777-1989
5
   Attorneys for Timothy D. Reuben, Inc.,
6  A California professional corporation,
   d/b/a Reuben Raucher & Blum
7

8              **UNITED STATES BANKRUPTCY COURT**
9
               **CENTRAL DISTRICT OF CALIFORNIA**
10
                     **LOS ANGELES DIVISION**
11

12 | In Re:                                      | ) Case No.: 2:10-bk-28999-ER
13 | BARBARA Z. SAFECHUCK                        | )
   |                                             | ) CHAPTER 7
14 |        Debtor                               | )
   |                                             | ) ADVERSARY PROCEEDING
15 | _____ | ) NO.
   |                                             | )
16 | TIMOTHY D. REUBEN, INC., a                  | ) **COMPLAINT BY TIMOTHY D.**
   | California professional corporation, d/b/a  | ) **REUBEN, INC., A CALIFORNIA**
17 | REUBEN RAUCHER & BLUM,                      | ) **P R O F E S S I O N A L**
   |                                             | ) **CORPORATION, D/B/A REUBEN**
18 |                                             | ) **RAUCHER & BLUM, FOR**
   |        Plaintiff,                           | ) **ORDER DENYING DISCHARGE**
19 |                                             | ) **OF BARBARA SAFECHUCK**
   | vs.                                         | ) **PURSUANT TO 11 USC § 727(a)(4)**
20 |                                             | )
   | BARBARA Z. SAFECHUCK, an                    | )
21 | individual,                                 | )
   |                                             | )
22 |                                             | )
   |        Defendant.                           | )
23 |                                             | )
   | _____ | )
24

25      Plaintiff Timothy D. Reuben, Inc., a California professional corporation, d/b/a

26 Reuben Raucher & Blum hereby complains as follows:

27 ///

28 ///

                                    1
                              **COMPLAINT**

## I.
## JURISDICTION

1. This is an adversary proceeding initiated in connection with Debtor and Defendant Barbara Z. Safechuck's Chapter 7 bankruptcy proceedings. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC § 1334 and 11 USC § 727.

## II.
## VENUE

2. The venue of this proceeding lies in the Bankruptcy Court for the Central District of California, Los Angeles Division, pursuant to 28 USC § 1409(a), in that the Defendant has initiated a voluntary petition under Chapter 7 of the Bankruptcy Code on May 12, 2010, and such case continues to pend as of the date of this complaint.

## III.
## CORE PROCEEDING

3. This is a core proceeding under 28 USC § 157(b)(2)(J).

## IV.
## CASE FACTS

### The Parties

4. Plaintiff Timothy D. Reuben, Inc. is now and has at all times relevant to this action been a professional corporation organized and existing under the laws of the State of California. At all times relevant to this action, plaintiff Timothy D. Reuben, Inc. did business as Reuben, Raucher & Blum, at which corporation Timothy D. Reuben, attorney at law, duly admitted and practicing law in the State of California, has and does practice ("the Reuben Firm"). A fictitious business name statement has been duly executed, filed and published, designating "Reuben, Raucher & Blum" and "Reuben Raucher & Blum" as the fictitious business names for Timothy D. Reuben, Inc. The Reuben Firm has its principal place of business in Los Angeles,

2
**COMPLAINT**

1 California, specifically in Westwood Village.

2     5. Debtor and Defendant Barbara Z. Safechuck ("Defendant") is an individual residing in the County of Los Angeles, State of California.

## Nature of Proceedings

    6. The Reuben Firm prays for entry of a judgment that the discharge of Defendant be denied under 11 USC § 727(a)(4) for knowingly and fraudulently, in or in connection with the case, making a false oath or account.

## General Allegations

    7. On or about October 2, 2007, the Reuben Firm and Defendant entered into a written contract ("Contract"), which both the Reuben Firm and Defendant signed.

    8. Pursuant to the Contract, the Reuben Firm agreed to represent Defendant in connection with her dissolution of marriage proceedings, Case No. SD 025 433, wherein Frank Safechuck ("Frank") was Petitioner and Defendant was Respondent. In return, Defendant agreed to pay the hourly rates described in the Contract as the Reuben Firm's fees for such services and to reimburse the Reuben Firm for costs and expenses. The Contract provided that if any monthly statement was not paid within twenty-eight (28) days of the date of such statement, an interest charge of ten percent (10%) per annum would accrue on the unpaid amount commencing from the date of the presentation of the statement until that statement is paid in full.

    9. In addition to and in connection with the dissolution proceedings, the Reuben Firm also represented Scott Safechuck (Barbara's son) ("Scott") in his request for Domestic Violence Restraining Orders against Frank Safechuck, Case No. SQ 003 302 (the "DVRO action"). On or about June 4, 2008, the Reuben Firm and Scott entered into a written fee agreement in connection with Case No. SQ 003 302, and Barbara executed a Guaranty for the fees and costs incurred by Scott.

    10. Pursuant to the Guaranty she signed, Barbara guaranteed the prompt payment of the Reuben Firm's fees for services rendered to and for costs incurred on

3
**COMPLAINT**

behalf of Scott when due pursuant to the Fee Agreement. The Fee Agreement provided that if any monthly statement was not paid within twenty-eight (28) days of the date of such statement, an interest charge of ten percent (10%) per annum would accrue on the unpaid amount commencing from the date of the presentation of the statement until that statement is paid in full.

11.  Per California Rule of Professional Conduct 3-310(C)(1), the Reuben Firm, Barbara and Scott executed a conflict waiver. The conflict waiver was executed by the Reuben Firm on May 8, 2008, by Barbara on May 23, 2008, and by Scott Safechuck on June 4, 2008.

12.  Attorney Stephanie I. Blum, an officer of the Reuben Firm, worked on Case Nos. SD 025 433 and SQ 003 302 along with other associates. Defendant accepted the full benefit of those services, and paid for some but not nearly all of them.

13.  Because Defendant's dissolution proceedings and Scott's DVRO proceedings substantially affected the same parties and concerned issues governed by the Family Code, the two matters were related pursuant to Los Angeles County Superior Court Rule 14.4. Both cases were assigned to the same judicial officer.

14.  An Order to Show Cause for Custody and Visitation, Child Support and Spousal Support, and Attorneys' Fees and Costs ("OSC") was filed by Frank Safechuck in connection with the dissolution proceedings. In connection with and simultaneous to the hearing on Frank's OSC, the Court held a trial in connection with Scott's DVRO action. Due to the complexity of the two related actions, the Reuben Firm made no less than five appearances in Court on behalf of Scott and Barbara for the hearings on Frank's OSC and Scott's DVRO action.

15.  On or about August 15, 2008, the Reuben Firm filed a Motion to be Relieved as Counsel. Prior to the hearing on the Reuben Firm's Motion to be Relieved as Counsel, Defendant executed a Substitution of Attorney in connection with Defendant's dissolution of marriage proceedings, which was filed with the court

on September 12, 2008.

16. After her last payment of $5,000.00 made on August 1, 2008, Defendant refused to make any further payment toward her outstanding balance of fees and costs. The September 30, 2008 bill for the Reuben Firm's legal services rendered to and costs incurred on Defendant's behalf, and for the Reuben Firm's legal services rendered to and costs incurred on Scott Safechuck's behalf, totaled $94,430.98.

17. As Defendant has failed to pay her outstanding bill, the Reuben Firm sent Defendant a Notice of Client's Right to Arbitration as required by section 6201(a) of the California Business and Professions Code on or about September 21, 2009. However, Defendant did not elect to pursue non-binding arbitration.

18. Therefore, in accordance with the binding arbitration clause in the Contract, the Reuben Firm demanded binding arbitration. The parties thereafter agreed to proceed with their binding arbitration before the Hon. Alan Haber (Ret.).

19. The binding arbitration was scheduled for May 13, 2010, which was mutually agreed upon by the Reuben Firm, Defendant and Judge Haber. On May 10, 2010, the Reuben Firm sent to Defendant's counsel for the arbitration hearings a copy of its Arbitration Brief via personal delivery. On May 12, 2010, the day before the scheduled arbitration, at 4:55 p.m. Defendant's counsel sent the Reuben Firm notice that Defendant had filed her voluntary petition for bankruptcy ("Petition") that day.

## FIRST CAUSE OF ACTION

### Violation of 11 U.S.C. § 727(a)(4)

20. The Reuben Firm incorporates by reference the allegations of Paragraphs 1 through 19 hereinabove.

21. On Schedule E of her Petition (Creditors Holding Unsecured Priority Claims), Defendant lists the IRS as a creditor in the amounts of $27,428.17 for 2007 Federal Income Taxes, $32,274.41 for 2008 Federal Income Taxes, and $46,275.00 for 2009 Federal Income Taxes. Defendant further lists the California Franchise Tax Board as a creditor for the amount of $9,657.00 for 2009 Income Taxes.

22. Per Schedule E, Defendant owes to the IRS a total of $59,702.58 for 2007 and 2008 taxes. On Schedule J of her Petition (Current Expenditures of Individual Debtors), Defendant included a monthly installment payment of $1,050.00 to the IRS for 2007 and 2008 taxes.

23. Per Schedule E, Defendant owes to the California Franchise Tax Board and the IRS a total of $55,932.00 for her 2009 Income Taxes. On Schedule J, Defendant included a monthly payment of $4,661.00 for "Estimated Taxes based upon 2009 liability." At the time Defendant filed her Petition, she had not filed her 2009 taxes. In calculating her monthly payment for her estimated 2009 tax liabilities, Defendant divided the total of $55,932.00 by 12 months. There is no basis for Defendant's assumption that she will be required to pay off the entirety of her 2009 tax liabilities within one year.

24. If Defendant had excluded the estimated monthly payment of $4,661,00 for estimated 2009 tax liabilities from her current expenditures, Defendant's total average monthly expenses would have been less than her average monthly income and the presumption of abuse would arise.

25. Defendant's actions described herein fall within the purview of 11 U.S.C. § 727(a)(4), such that Defendant knowingly and fraudulent made a false oath or account on Schedule J of her petition for bankruptcy.

///
///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, claimant prays for judgment as follows:

1. Deny the discharge of Defendant pursuant to 11 USC § 727(a)(4);
2. For costs of suit herein incurred;
3. For such other and further relief as this Court deems just and proper.

Dated: August 20, 2010

REUBEN RAUCHER & BLUM

By: /s/ Patrick Maher
Patrick A. Maher
Attorneys for Petitioner Timothy D. Reuben, Inc., a California professional corporation d/b/a Reuben Raucher & Blum

---

7

**COMPLAINT**

FORM B104 (08/07)                                         2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>TIMOTHY D. REUBEN, INC., a California professional corporation, d/b/a REUBEN RAUCHER & BLUM | **DEFENDANTS**<br>BARABRA Z. SAFECHUCK, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Reuben Raucher & Blum<br>10940 Wilshire Blvd., 18th Floor, Los Angeles, CA 90024<br>(310) 777-1990 | **ATTORNEYS** (If Known)<br>Larry D. Simons<br>Law Offices of Larry D. Simons<br>225 S Lake Ave., Ste 300, Pasadena, CA 91101 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complain for order denying discharge of Barbara Safechuck pursuant to 11 USC 727(a)(4)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
(2) For Costs of suit herein incurred;
(3) For such other and further relief as this Court deems just and proper

FORM B104 (08/07), page 2                                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Barbara Z. Safechuck | **BANKRUPTCY CASE NO.** <br> 2:10-bk-28999 ||
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Hon. Ernest M. Robles |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** ||
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** ||

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
*/s/ Patrick Maher/*

| DATE <br> 8/20/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Patrick A. Maher |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Stephen L. Raucher [SBN 162795]<br>Patrick A. Maher [SBN 246360]<br>Michelle H. Chen [SBN 253625]<br>Reuben Raucher & Blum<br>10940 Wilshire Boulevard, 18th Floor<br>Los Angeles, California 90024<br>Telephone: (310) 777-1990,<br>Facsimile: (310) 777-1989<br><br>*Attorney for Plaintiff* Timothy D. Reuben, Inc., d/b/a/ Reuben Racuher & Blum | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Barbara Z. Safechuck<br><br>                                              Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:10-bk-28999<br><br>ADVERSARY NUMBER |
|---|---|
| Timothy D. Reuben, Inc., a California professional corporation, d/b/a/<br>Reuben Raucher & Blum,                                Plaintiff(s),<br><br>vs.<br><br>Barbara Z. Safechuck, an individual,<br>                                              Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                                                    **F 7004-1**

| Summons and Notice of Status Conference - *Page 2* | | **F 7004-1** |
|---|---|---|
| In re<br>Barbara Z. Safechuck | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 2:10-bk-28999 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:



☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    **F 7004-1**